NOT DESIGNATED FOR PUBLICATION

Nos. 121,085
121,086

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID DEAN CARLETON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: David Dean Carleton appeals from his sentences for driving under the influence and aggravated domestic battery, arguing that the trial court abused its discretion when it imposed consecutive sentences. Carleton moved for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We granted Carleton's motion for summary disposition. The State responded and asked that we affirm the trial court's judgment. Because we conclude that the trial court did not abuse its discretion in this matter, we affirm.

1

*Did the Trial Court Abuse Its Discretion by Imposing Consecutive Sentences?*

Under a plea agreement, Carleton pleaded no contest to felony driving under the influence (DUI)—fourth or later offense in No. 17CR1125. Carleton also pleaded no contest to aggravated domestic battery in No. 18CR829. The trial court sentenced Carleton for both cases in a single hearing. The trial court imposed a sentence of 29 months' imprisonment with 12 months' postrelease supervision for Carleton's aggravated domestic battery conviction. The trial court also imposed a six-month jail sentence for Carleton's felony DUI conviction, to be served consecutive to his sentence for aggravated domestic battery. Carleton timely appeals.

"'Generally, it is within the trial court's sound discretion to determine whether a sentence should run concurrent with or consecutive to another sentence.'" *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012) (quoting *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 [2000]). A judicial action constitutes an abuse of discretion (1) if it is arbitrary, fanciful, or unreasonable; (2) if it is based on an error of law; or (3) if it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Carleton acknowledges that the trial court has discretion to impose consecutive sentences. He does not allege that the trial court's decision was based on an error of fact or law. Rather, Carleton essentially argues that the trial court's decision was unreasonable, asserting he "had a severe alcohol problem that led to both incidents and prison would worsen, rather than help that addiction." The record reflects that the trial court was aware of Carleton's issues with alcohol addiction based on the arguments of Carleton's attorney when requesting a dispositional departure at sentencing. And the trial court noted those arguments in denying Carleton's motion. In imposing Carleton's sentences, the trial court pointed out Carleton's extensive criminal history, including one prior conviction for aggravated battery and two prior convictions for domestic battery. The trial court also discussed the extremely violent nature of Carleton's attack on his

wife, which was the basis for the current aggravated domestic battery conviction. The trial court further noted that Carleton had been convicted of felony DUI, that is, he had multiple prior DUI convictions. See K.S.A. 2019 Supp. 8-1567(b)(1)(E).

Based on Carleton's extensive criminal history, including multiple prior convictions for the same or substantially similar offenses, a reasonable sentencing court could conclude imposing consecutive sentences was appropriate. But even if reasonable persons could disagree as to the propriety of the trial court's decision, it was not an abuse of discretion. See *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 301 P.3d 276 (2013).

Affirmed.